**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10241 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01488-FRZ-LCK-1 |
| v. | |
| SANTIAGO ARCE-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10242 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00653-FRZ-CRP-1 |
| v. | |
| SANTIAGO ARCE-RODRIGUEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Before: REINHARDT and KOZINSKI, Circuit Judges, and BERG,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Terrence Berg, United States District Judge for the
Eastern District of Michigan, sitting by designation.

Santiago Arce-Rodriguez appeals his conviction and sentence for reentry after deportation, in violation of 8 U.S.C. § 1326, and also appeals his sentence for violation of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A jury convicted Arce-Rodriguez of re-entry after deportation. This conviction also constituted a violation of his supervised release conditions. The district court thus sentenced him both on the re-entry after deportation conviction and the supervised release violation.

1. Because detention at the border is frequently more akin to a *Terry* stop than a full-custody arrest, Arce-Rodriguez's argument that his statements should be suppressed fails. 392 U.S. 1 (1968). During such temporary detentions at the border, it is not necessary to provide a *Miranda* warning before asking questions reasonably related to Appellant's immigration status. *See United States v. Cervantes-Flores*, 421 F.3d 825, 829-30 (9th Cir. 2005) *overruled on other grounds by Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). Moreover, the remaining evidence adduced at trial was sufficient to prove Appellant's immigration status and all of the other elements of the offense, thus supporting the jury's verdict.

2. The record shows that the district judge, after considering the sentencing factors under 18 U.S.C. § 3553(a), imposed a sentence below the government's recommendation of 51 months, and Arce-Rodriguez presented no grounds that would compel a below-guidelines sentence. *United States v. Stotreau*, 524 F.3d 988, 1002 (9th Cir. 2008). Considering the totality of the circumstances, we

16-10241

conclude that the district court did not abuse its discretion in imposing a total term of imprisonment of 36 months.[1]

**AFFIRMED**.

---

[1] Arce-Rodriguez also argues that it was unfair to increase his term of incarceration based on his supervised release violation because he was deported and thus unable to benefit from the resources that the supervised release program normally affords offenders. Arce-Rodriguez cites no authority that would allow us to disturb the district court's sentence on these grounds.